**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 19, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HECTOR GOMEZ-MORALES,

    Defendant - Appellant.

No. 07-2171
(D.C. No. 1:05-CR-02766-JEC-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.[**]

Defendant-Appellant Hector Gomez-Morales appeals his conviction on one

count of possession with intent to distribute 500 grams or more of

methamphetamine under 21 U.S.C. § 841(b)(1)(A).  After Mr. Gomez-Morales

filed his notice of appeal, his appellate counsel filed a brief and motion to

withdraw pursuant to Anders v. California, 386 U.S. 738 (1967).  Counsel

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

unsuccessfully sought to contact Mr. Gomez-Morales and ultimately served the motion and brief on him via mail, all without response. The government has elected not to file a response. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), determine that there are no potentially meritorious issues for appeal, and dismiss Mr. Gomez-Morales's appeal.

The facts are familiar to the parties and we need not restate them here. Mr. Gomez-Morales pled guilty and was sentenced to 70 months' imprisonment followed by 60 months' supervised release. According to the presentence report, his base offense level was 34; the district court applied reductions to his base offense level of three points for acceptance of responsibility under U.S.S.G. § 3E1.1 and two points for being a minor participant in the crime under U.S.S.G. § 3B1.2(a)(b) for a total offense level of 29. Mr. Gomez-Morales's criminal-history category was I. The guidelines range was 87 to 108 months' imprisonment. Mr. Gomez-Morales, however, was subject to a minimum of ten years' imprisonment for his crime under 21 U.S.C. § 841(b)(1)(A), but because the district court applied the "safety-valve" provision under 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2, the statutory minimum was not applicable and his total offense level was decreased by two points to 27 under U.S.S.G. § 2D1.1(b)(7). With a total offense level of 27 and a criminal-history category of I, Mr. Gomez-Morales's guidelines range was 70 to 87 months' imprisonment. He was sentenced at the bottom of this range.

Counsel's Anders brief presents three issues that could arguably support an appeal: (1) whether Mr. Gomez-Morales's plea was knowing and voluntary under the Fifth Amendment; (2) whether Mr. Gomez-Morales's sentence was substantively reasonable in light of the 18 U.S.C. § 3553(a) factors; and (3) whether Mr. Gomez-Morales received ineffective assistance of counsel under the Sixth Amendment. The record indicates that Mr. Gomez-Morales understood his plea agreement, he pled guilty without coercion, he understood the maximum possible sentence, he understood that the judge was not bound by the plea agreement, he understood his waiver of certain constitutional rights, and he agreed that the plea agreement's recitation of the facts of his case were correct. His guilty plea, therefore, was knowingly and voluntarily entered. See Brady v. United States, 397 U.S. 742, 748 (1970).

In addition, we conclude, after reviewing the record, that the district court adequately considered the 18 U.S.C. § 3553(a) factors in arriving at a substantively reasonable sentence by sentencing Mr. Gomez-Morales at the bottom of the presumptively reasonable guidelines range. See Gall v. United States, 128 S. Ct. 586, 596-97 (2007). Any ineffective-assistance-of-counsel claim based on Mr. Morales-Gomez's decision to withdraw his motion expressing dissatisfaction with counsel, should be brought in a collateral proceeding to the extent it involves facts outside the record. United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995). We agree with counsel that a complete lack of

3

prejudice caused by the withdrawal forecloses such a claim. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

We therefore DISMISS Mr. Gomez-Morales's appeal. Mr. Gomez-Morales's appellate counsel's motion for leave to withdraw is GRANTED.


Entered for the Court,


Paul J. Kelly, Jr.
Circuit Judge